IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |  |
|---|---|---|
| LORETTA D. BRCKA,<br><br>    Plaintiff,<br><br>v.<br><br>THE ST. PAUL TRAVELERS COMPANIES,<br>INC., f/k/a TRAVELERS CASUALTY<br>CORP., d/b/a THE TRAVELERS<br>INSURANCE CO., d/b/a CONSTITUTION<br>STATE SERVICES, LLC; WELLS FARGO<br>BANK N.A. and WELLS FARGO AND CO.;<br>and KARI DRAEGER and DEAN E. CURTIS,<br><br>    Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | 4:04-cv-90405<br><br><br><br><br><br><br><br>MEMORANDUM OPINION<br>AND ORDER |

Before the Court are various motions from both Plaintiff and Defendants. The first is Plaintiff's,

Loretta D. Brcka ("Brcka"), Motion for Remand of Removed Case. Clerk's No. 5. The second,

related motion, is Defendants', Kari Draeger ("Draeger") and Dean Curtis ("Curtis"), Motion to

Dismiss and/or for More Specific Statement. Clerk's No. 38. Defendant, St. Paul Travelers Co., Inc.

("St. Paul")[1], filed two motions to dismiss, one on August 18, 2004 and another on December 8, 2004.

Clerk's Nos. 3 & 30. Defendants Wells Fargo Bank N.A. and Wells Fargo and Company

(collectively "Wells Fargo") filed their Motion to Dismiss Counts I-VII of Plaintiff's Amended

Complaint and Joinder in Defendant Constitution State Services' Motion to Dismiss on December 20,

---

[1] Throughout the order, Defendants St. Paul Travelers Co., Inc. and Constitution State Services, LLC, will be referred to collectively as "St. Paul." Constitution State Services is a fully owned subsidiary of St. Paul. Constitution State Services is not an insurance provider, but a third party adjuster, which was assigned to adjust Plaintiff's worker's compensation claim.

2004.[2]  Clerk's No. 31.  Finally, before the Court is Defendant St. Paul's Motion to Rename the Real

Parties-In-Interest (Clerk's No 39), in regards to the proper naming of the Defendants in this case.

Each party filed a brief in support of its motions, to which the other party filed a resistance.  A hearing

was held on March 31, 2005, in regards to all pending motions.  The matters are fully submitted.

## I.  BACKGROUND

On July 2, 2004, Plaintiff filed a Petition in Iowa State District Court in Wapello County.  The

named Defendants in the original Petition were St. Paul and Wells Fargo.  Plaintiff was an employee at

Wells Fargo until her termination on April 22, 2003.  Prior to her termination, Plaintiff brought a claim

before the Iowa Workers' Compensation Commission ("Commission") "to recover benefits under the

Iowa Workers' Compensation Act as a result of an injury stipulated to have been sustained on June 29,

1999, and for injuries allegedly sustained on January 10, 2000, and July 18, 2000."  Ex. A.  The

Commission proceeding was brought against Wells Fargo and Constitution State Services, and the

decision of the Commission was rendered on April 16, 2003.  The Commission's decision was not

appealed.

St. Paul removed the case to federal court on July 28, 2004, asserting federal subject matter

jurisdiction based on diversity of citizenship.  28 U.S.C. § 1332.  Plaintiff filed a Motion to Remand

based on three grounds:  1) Defendant Wells Fargo did not join in the removal; 2) St. Paul did not

assert that Iowa was not its place of incorporation or principal place of business; and 3) Plaintiff would

---

[2]  Plaintiff's Amended Complaint contains eight counts against the Defendants.  Count VIII is a
wrongful termination of employment claim.

later be joining additional Defendants that would destroy diversity.[3]  Plaintiff did not dispute the second

requirement for diversity jurisdiction, that the amount in controversy exceeds $75,000.   Defendant, St.

Paul, filed and was granted two motions to extend time in which to respond to Plaintiff's motion

because St. Paul could not reach Defendant Wells Fargo to join in the removal.  On September 22,

2004, default judgment was entered against Wells Fargo for failure to plead or defend pursuant to

Federal Rule of Civil Procedure 55(a).  On October 15, 2004, Wells Fargo provided this Court with

notice of its joinder in and consent to removal and filed a motion on October 21, 2004, to set aside the

default judgment on the basis that Wells Fargo was incorrectly named in the Petition and did not receive

service of process.

On November 11, 2004, this Court granted the parties' joint motion to set aside the default

entry and granted Plaintiff leave to amend her Complaint, "naming Wells Fargo Bank, N/A" and "Wells

Fargo" as Defendants.  Clerk's No. 25.  Plaintiff filed her amended Complaint on November 29, 2004.

Clerk's No. 28.  Plaintiff not only amended the Complaint to correctly name Defendant Wells Fargo,

but added two additional Defendants.  The additional Defendants, Kari Draeger ("Draeger") and Dean

E. Curtis ("Curtis"), are insurance adjusters at St. Paul and are both domiciled in Iowa.   In the

amended Complaint, Plaintiff also added, to each count, the phrase:  "That the amount in controversy

meets applicable jurisdictional requirements for maintenance of this action and exceeds the sum of

$75,000.00."  The issue before the Court concerning the Motion to Remand is whether Plaintiff may be

allowed to add the additional Defendants.  If Draeger and Curtis are joined, then complete diversity of

---

[3] St. Paul is a foreign corporation, incorporated in Connecticut defeating Plaintiff's second
argument for remand.

the parties is destroyed and the case must be remanded to state court for lack of federal subject matter jurisdiction.

## II.  FEDERAL SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction and "the requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Godfrey v. Publitzer Pub. Co.,* 161 F.3d 1137, 1141 (8th Cir. 1998).  "'When a defendant removes an action to federal court, such defendant has the burden of showing that the federal court has jurisdiction.'" *Adams v. Bank of Am., N.A.,* 317 F. Supp. 2d 935, 940 (S.D. Iowa 2004) (quoting *Bor-Son Bldg., Corp. v. Heller,* 572 F.2d 174, 182 n.13 (8th Cir. 1978) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936); *Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. 990C80656 v. Amoco Oil Co.,* 883 F. Supp. 403, 407 (N.D. Iowa 1995)).  The first requirement for diversity jurisdiction to exist is complete diversity of the parties; that is, all plaintiffs must have citizenship different from that of all defendants. The second requirement is that the amount in controversy exceeds $ 75,000.  "The Court must resolve all doubts about federal jurisdiction in favor of remand." *In re Bus. Men's Assur. Co. of Am.,* 992 F.2d 181, 183 (8th Cir. 1993).

If Defendants Draeger and Curtis, both domiciled in Iowa, are added to the present action, complete diversity does not exist and, therefore, federal subject matter jurisdiction does not exist. Defendants argue that the addition of Draeger and Curtis was improper, and that Plaintiff needed to first request the Court's permission to add Defendants that would defeat diversity.  Plaintiff argues that since there have been no responsive pleadings, the addition of parties was proper pursuant to Rule 15 of the

Federal Rules of Civil Procedure, which allows a plaintiff to amend its complaint once as a matter of right before any responsive pleadings are filed.  The language of Rule 15, however, conflicts with 28 U.S.C. section 1447(e) which provides:

> [If,] after a case is removed, a plaintiff seeks to join non-diverse defendants whose joinder would destroy diversity, the district court may permit or deny joinder.  If joinder if denied, the court continues to have jurisdiction over the case.  However, if joinder is permitted, diversity jurisdiction no longer exists and the court must remand the case to state court.

28 U.S.C. §1447(e).  The exact procedural requirements surrounding how a plaintiff may add a non-diverse defendant is not clear from the statutory language.  Regardless, the real issue is whether Plaintiff may add the individuals as a matter of right, or whether this Court may deny the joinder.  Courts have generally resolved the apparent conflict between Rule 15 and section 1447 by concluding that they have authority to deny joinder under Rule 15(a) notwithstanding the plaintiff's right under that rule. *Mayes v. Rapoport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999).

In exercising its discretion to deny the joinder the Court must:

> [B]alance the defendant's interest in retaining the federal forum with the plaintiff's competing interest in avoiding parallel federal and state litigation.  Courts consider whether the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has delayed in requesting amendment, whether the plaintiff will be significantly injured if the amendment is refused and any other factor bearing on the equities.

*Ryan v. Schneider Nat'l Carriers, Inc.,* 263 F.3d 816, 819 (8th Cir. 2001) (citing *Mayes*, 198 F.3d at 462).  It appears that the addition of the individual insurance adjusters in the present case was done, at least in part, for the purpose of destroying diversity jurisdiction.

Plaintiff argues that she always intended on including the individual insurance adjusters, but was delayed in adding them until the discovery process began.  However, the first time Plaintiff mentioned

possible additional Iowa defendants was in her motion to remand.  Further, it is not routine practice to

name insurance adjusters as individuals who can be held personally liable for denial of claims.  In fact,

Plaintiff has presented no Iowa case law to the Court where an individual insurance adjuster has been

held personally liable for adjusting an insured's claim.  The only case Plaintiff cities in support of her

argument for personal liability is *Wilson v. IBP*, 558 N.W.2d 132 (Iowa 1996).  In *Wilson,* a personal

claim was brought against a health care manager for breach of fiduciary duty.  The Iowa Supreme

Court found that a health care manager had a personal fiduciary duty to the plaintiff.  The question,

then, is whether or not the duty recognized in *Wilson* can be extended to insurance adjusters.

The existence of a fiduciary relationship must be determined on a case by case basis.  *Wilson,*

558 N.W.2d at 139 (citing *Kurth v. VanHorn,* 380 N.W.2d 693, 696 (Iowa 1986)).  The *Wilson*

court examined the nature of "a fiduciary or confidential relationship" when determining whether the

plaintiff in that case had presented sufficient evidence to create a jury question regarding the existence

of a fiduciary relationship.  *Id.* at 138.  "'A fiduciary relationship exists between two persons when one

of them is under duty to act for or to give advice for the benefit of another upon matters within the

scope of the relationship.'" *Id.* (quoting *Kurth,* 380 N.W.2d at 695 (citing Restatement (Second) of

Torts section 874 cmt. a (1979))).  Further, "' [the] purpose of the doctrine is to protect betrayals of

trust and abuses of confidence.'" *Id.* (quoting *Hoffman v. National Med. Enters., Inc.,* 442 N.W.2d

123, 125 (Iowa 1989)).  The *Wilson* court determined the following factors created a jury question as

to whether the health care manager had a personal fiduciary relationship with the plaintiff:

> The record indicates that Arndt was responsible for directing and managing Wilson's
> medical care, including scheduling medical appointments and suggesting courses or
> treatment.  Arndt also contacted Wilson's doctor to request that he be assigned light

-6-

duty and instructed Wilson that he was required to seek care from IBP's doctors and could not choose his own physician. The resulting relationship between Arndt and Wilson could reasonably be interpreted as involving a degree of domination, even though Wilson also had the freedom to seek alternative treatments.

*Id.* at 139.

In the present case, the individual adjusters, Dreager and Curtis, were assigned to manage Brcka's medical care, similar to the case in *Wilson*. Further, Brcka alleges that Draeger and Curtis received financial compensation and other non-financial incentives for denying Brcka's workers' compensation claim. Brcka also claims that they were capable of manipulating the exchange of information between Brcka and her physicians. Unlike the *Wilson* case, however, Brcka has not alleged any other factors that indicate a fiduciary relationship. For instance, in *Wilson* the health care manager testified that her first loyalty was to the plaintiff not, to her employer. Additionally, in *Wilson* the health care manager affirmatively relayed false information to one of plaintiff's doctors. No such allegations are present in Brcka's Complaint.

Brcka stated that the reason for not naming the adjusters earlier was because she did not yet know their names. Accordingly, it seems doubtful that the relationship between Brcka and the adjusters was one of personal trust and confidence, and as such, denying the joinder will not result in undue prejudice to the Plaintiff. This is not to say that adjusters may never be held personally liable. *See Ironworks Unlimited v. Purvis,* 798 F.Supp. 1261, 1264 (S.D. Miss. 1992) (discussing an adjuster's duty to an insured). However, in the present case, it appears that the adjusters were joined primarily to destroy diversity jurisdiction after it had already attached to the case. The Court, therefore, in its discretion pursuant to 28 U.S.C. 1447(e), denies Plaintiff's joinder of non-diverse defendants, and

-7-

accordingly, Plaintiff's Motion to Remand is DENIED.

### III.  EXCLUSIVE REMEDY PROVISION

The employer, Wells Fargo, moves to dismiss counts I-VII, pursuant to Rule 12(b)(6) for

failure to state a claim upon which relief may be granted.  Under Rule 12(b)(6), "a motion to dismiss

should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts which

would entitle him to relief." *Carter v. Arkansas*, 292 F.3d 965, 968 (8th Cir. 2004) (quoting *Knapp*

*v. Hanson*, 183 F.3d 786, 788 (8th Cir. 1999)).  Wells Fargo argues that Brcka may not assert claims

I-VII against it because the claims fall within the exclusive remedy provision of Iowa's Workers'

Compensation laws.  *See* Iowa Code § 85.20.  In *Harned v. Farmland Foods, Inc.*, 331 N.W.2d 98

(Iowa 1983), the Iowa Supreme Court held that the Workers' Compensation Act was the exclusive

remedy for the plaintiff's injuries resulting from his dissatisfaction of care and the denial of chiropractic

treatment.  *Harned*, 331 N.W.2d at 101.  The *Harned* court also noted that dismissal of plaintiff's

claims was proper because "there [was] nothing to indicate an intentional tort."  *Id*.  Unlike simple

dissatisfaction of care claims or negligence actions, intentional torts do not fall within the exclusive

remedy provision.  As the Iowa Supreme Court stated:  "We have previously recognized that where no

adequate remedy is provided by the Iowa workers' compensation act, then an injured worker's claim

falls outside of the exclusivity provision." *Wilson,* 558 N.W.2d at 137.  In the present case, Brcka's

Complaint alleges various intentional torts, which fall outside of the exclusivity provision.

Wells Fargo argues that the Iowa Supreme Court's decision in *Nelson v. Winnebago Indus.,*

619 N.W.2d 385 (Iowa 2000), limits the holding in *Wilson*.  The Court disagrees.  In *Nelson*, the

plaintiff filed suit against his former employer and fellow employees following a prank that went awry

and resulted in injury to the plaintiff.  The *Nelson* court discussed the exclusivity provision of section

85.20, and upheld the lower court's dismissal of plaintiff's claim at summary judgment because it found

that "plaintiff's suit is in essence a claim for damages covered by workers' compensation and therefore

barred by Iowa Code section 85.20."  *Nelson,* 619 N.W.2d at 389.  At the onset, it is important to

note that *Nelson* was decided at the summary judgment stage, while this is a motion to dismiss pursuant

to 12(b)(6), thereby limiting the Court's inquiry to the pleadings themselves.  Additionally, as the Eighth

Circuit has recognized, "[t]he *Nelson* court . . . did not state or even intimate that it was abandoning the

general rule that excludes intentional torts . . . from the exclusive jurisdiction of the workers'

compensation system."  *Beard v. Southern Flying J, Inc.*, 266 F.3d 792, 803 (8th Cir. 2001).  In

*Nelson*, the court determined at summary judgment that the prank did not involve any wanton neglect

and, therefore, as a simple negligence claim, it fell within the exclusive remedy provision.  *Nelson,* 619

N.W.2d at 390-91.  In contrast, Plaintiff has plead various intentional torts.  At this stage in the

proceedings dismissal is not proper.  Accordingly, Wells Fargo's argument that Plaintiff has failed to

state a claim upon which relief can be granted due to the exclusivity provision of section 85.20 must fail.

The Court now turns to Defendants' argument for dismissal pursuant to the doctrine of issue preclusion.

## IV.  ISSUE PRECLUSION

Both Wells Fargo and St. Paul move for dismissal, arguing that Counts I-VII all contain an

element of bad faith, which has already been decided by the Commission.  Plaintiff, at oral argument,

admitted that if issue preclusion applies, Claims I-VII must be dismissed.  On the face of the Complaint,

each of Counts I-VII contain an element of bad faith.  The final Commission determination found that:

"Claimant's claim for benefits was fairly debatable.  Defendants' denial of benefits was not

unreasonable or without probable cause or excuse." Ex. A at 7.  In essence, the Commission found,

that Brcka's claim was not denied in bad faith.  As the Iowa Supreme Court has stated:  "Decisions

made through [the workers' compensation] administrative process, that are relevant to the issues in the

bad faith action will in many instances, carry preclusive effect . . . ."  *Reedy v. White Consol. Indus.*

*Inc.*, 503 N.W.2d 601, 603 (Iowa 1993).

"Issue preclusion provides once a court has decided an issue of fact or law necessary to its

judgment, the same issue should not be relitigated in later proceedings." *Gardner v. Hartford Ins.*

*Accident and Indem. Co.,* 659 N.W.2d 198, 202 (Iowa 2003) (citing *Hunter v. City of Des Moines,*

300 N.W.2d 121, 123 (Iowa 1981)).  Its purpose is to protect litigants from "relitigating identical

issues with identical parties . . . ." *United Fire & Cas. Co. v. Shelly Funeral Home, Inc.,* 642

N.W.2d 648, 655 (Iowa 2002).  Issue preclusion applies if four factors are satisfied:

> 1) the issue determined in the prior action is identical to the present issue;
> 2) the issue was raised and litigated in the prior action;
> 3) the issue was material and relevant to the disposition in the prior action; and
> 4) the determination made of the issue in the prior action was necessary and essential to
> the resulting judgment.

*Gardner*, 659 N.W. 2d at 202 (citing *United Fire & Cas. Co.,* 642 N.W.2d at 655).

The Commission proceedings were brought by Brcka "to recover benefits under the Iowa

Workers' Compensation Act as a result of an injury stipulated to have been sustained on June 29,

1999, and for injuries allegedly sustained on January 10, 2000, and July 18, 2000."  One of the issues

decided by the Commission was:  "Whether claimant is entitled to additional benefits as a penalty

pursuant to section 86.13."  As recognized in the Commission's decision, Iowa Code Section 86.13

"requires that additional benefits be awarded unless the employer shows reasonable cause or excuse

for the delay or denial." *Robbennolt v. Snap-on Tools Corp.*, 555 N.W.2d 229 (Iowa 1996). "If the

employer fails to show reasonable cause or excuse for the delay or denial it is mandatory to impose a

penalty in an amount up to fifty percent of the amount unreasonably delayed or denied." *Chrisensten*

*v. Snap-on Tools Corp.*, 554 N.W.2d 254 (Iowa 1996). The Commission determined that Brcka

was not entitled to benefits under this section.

      Plaintiff does not deny that the first prong of the issue preclusion test, "that the issue determined

in the prior action is identical to the present action," is satisfied. The Commission determined that the

denial of benefits was reasonable, which precludes a finding of bad faith. Instead, Plaintiff argues that

due to the differences in the agency proceedings versus court proceedings, the Commission's

determination should not be given effect. Plaintiff relies on *McIlravy v. North River Ins. Co.,* 653

N.W.2d 323 (Iowa 2002), to support this argument. *McIlravy,* however, does not support Plaintiff's

contention. The *McIlravy* court declined to apply issue preclusion because the plaintiff in that case

sought to use issue preclusion offensively. *See Gardner,* 659 N.W.2d at 203 ("[In *McIlravy*] [w]e

held that issue preclusion was inapplicable to the case 'given the different burdens of proof between the

two penalty mechanisms and the two different stages of the North River/McIlravy dispute.'") (quoting

*Mcilravy,* 653 N.W.2d at 330). In the Commission proceedings, the employer bears the burden of

showing that it acted in good faith, while at trial the burden shifts to the employee to show bad faith.

Accordingly, since the employee has a greater burden at trial, he may not rely on a prior Commission

determination.

      Conversely, since an employer has the burden of establishing good faith at the Commission

level, it may use issue preclusion defensively because its burden is actually less at the trial level. *See*

*Gardner*, 659 N.W.2d at 207 (applying the doctrine of issue preclusion to employer's defensive use of the commission determinations and finding that issue preclusion barred the plaintiff from maintaining her tort claims).  In the present case, Defendants wish to use the doctrine defensively in regards to an issue on which the Defendants held the burden of proof at the Commission proceedings.  As such, this case follows more closely the factual situation analyzed in *Gardner*, which points to a finding that Defendants may use the Commission's determinations defensively in this action.

Nor are there any other factors present that would deter this Court from applying the doctrine of issue preclusion.  All of Plaintiff's arguments go towards the fairness of the agency proceedings. Plaintiff claims that the Commission findings should not be applied to the present case because:  1) the rules of evidence do not apply before the agency; 2) the subpoena powers in the agency are nonexistent without a district court order; and 3) witnesses do not have to be called in the agency. While it is true that the Commission has different evidentiary rules, it is also clear that despite the differences in procedures, "[a]n adjudication by an administrative agency has preclusive effect."  *Polk County Secondary Roads v. Iowa Civil Rights Comm'n*, 468 N.W.2d 811, 817 (Iowa 1991). There is nothing to indicate that the Commission's proceedings were not fair, and the refusal to apply issue preclusion based on the lack of a fair opportunity to litigate "'should not occur without a compelling showing of unfairness.'"  *Gardner,* 659 N.W.2d at 204 (quoting Restatement (Second) of Judgments § 28 cmt. j.).  It appears that Plaintiff was represented by counsel at the Commission, and the agency decision shows that the Commission evaluated the evidence and followed the applicable law.  The Commission determination was a final adjudication on the matter, and as Plaintiff admits, she did not appeal its findings.  Brcka cannot be given a second chance to relitigate the same issue before

this court.  Accordingly, Counts I-VII are dismissed pursuant to the doctrine of issue preclusion based on the Commission's finding that the Defendants acted in good faith.

## CONCLUSION

In conclusion, the Court makes the following findings.  First, the Court denies the joinder of additional defendants Draeger and Curtis.  Accordingly, Plaintiff's Motion to Remand (Clerk's No. 5) is DENIED and Defendants Draeger and Curtis' Motion to Dismiss and/or for More Specific Statement (Clerk's No. 38) is DENIED as moot.  Under the doctrine of issue preclusion, this Court finds that the issue of bad faith determined at the Commission is identical to an essential element of Counts I-VII, and there are no other factors present to preclude dismissal of those claims. Accordingly, Defendants' Motion to Dismiss is GRANTED pursuant to the doctrine of issue preclusion. Clerk's No. 3, 30, 31.  Finally, in regard to St. Paul's Motion to Rename the Real Parties-In-Interest (Clerk's No 39), the Court refrains from ruling on this Motion and urges the parties to come to an agreement as to the real parties in interest.  The only remaining claim against the Defendants is Count VIII: Wrongful Termination of Employment.

IT IS SO ORDERED.

Dated this ___2nd___ day of May, 2005.


_____
ROBERT W. PRATT
U.S. DISTRICT JUDGE